LUIS VILELLA VÉLEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 496. Submitted February 12, 1935.—Decided April 3, 1935.

A. *Arroyo Rivera* for appellant.  The registrar did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

In a brief filed in this court the appellant states that he is the owner of a piece of property located in Mayagüez, recorded in the registry as lot number 4593; that he pre-sented to the registry the deed of the marshal of the Municipal Court of Mayagüez selling, as the result of an execution sale, in a suit begun by appellant, a house that had belonged to Ursula Montalvo and was located (*sic*) on the lot of the appellant.  He also brings up to us his petition to the registrar whereby he requested the record of the sale of the house.  If that petition were to be taken as a sufficient certificate of the facts, which it is not, it would appear that the house in question was located on property recorded as number 4593, above described.

The Registrar of Mayagüez denied record in the following note:

"The record is denied of public deed No. 29 above, referring to the sale at public auction, executed in Mayagüez on March 12, 1934, before Notary Ángel Arroyo Rivera, and in lieu thereof the proper cautionary notice has been entered for the statutory 120 days in favor of the purchaser, Vilella Vélez, because it appears that the house to which said sale refers has not been previously recorded in favor of defendant Úrsula Montalvo or anybody else, all of which appears at the back of folio 136 of vol. 232 of this city, property No. 7748, entry letter B.  Said house appears to be subject to a notice of attachment in favor of Juan Rivera for the sum of $212 as principal and a further sum of $100 for costs.—Mayagüez, December 21, 1934."

We are inclined to agree with the appellant that where a house located on a man's property owned by another is acquired with a due title by the owner of the lot on which the house is situated, no previous record of the house is necessary.  It is an accessory right, as it seems to us, and

should be recorded as a new construction or other accessories might be. recorded.

 The difficulty with this case is that we have not before us any sufficient identification of the location of the house, and neither did the registrar. Where title of the purchase of a house is presented to the registrar, without more, he can not record it unless it is previously recorded or the title presented to him, like a certificate of dominion title, or otherwise identifies the property and determines the ownership. The deed from the marshal said the house was located on a piece of property belonging to appellant but did not locate it as being within property number 4593. The appellant concedes that he owns several pieces of property apparently in the same neighborhood. We have the idea that to obtain record of the house in question some other procedure was necessary.

The note will be affirmed.